# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Southern Poverty Law Center, Inc., <br>    Plaintiff, <br> v. <br> United States Department of Homeland Security; and United States Immigration and Customs Enforcement, <br>    Defendants. | **CIVIL ACTION** <br><br> **FILE NO. 1:16-cv-02871-CAP** |

## DECLARATION OF LISA GRAYBILL IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

I, Lisa Graybill, hereby declare as follows:

1. I am counsel for Plaintiff Southern Poverty Law Center (SPLC) in this action. I am fully familiar with these proceedings and submit this declaration in support of Plaintiff's motion for attorneys' fees and costs.

2. The purpose of this declaration is to explain the basis for the fee award sought by Plaintiff, including: my qualifications and those of others on the litigation team, the nature and extent of work by SPLC staff in this litigation, the billing judgment I have exercised, the hourly rates I believe the Court should apply, and the out-of-pocket expenses Plaintiff has incurred for which it seeks recovery.

1

Attorney Qualifications

3. I am Deputy Legal Director for Criminal Justice Reform at the Southern Poverty Law Center (SPLC). I have primary responsibility for SPLC's work involving criminal justice reform including combatting the criminalization of immigrants throughout the Southeast. I supervise the work of other SPLC attorneys on these issues.

4. I received my J.D. with honors from University of Texas School of Law in 1999. After a federal clerkship, I worked in the Civil Rights Division of the U.S. Department of Justice from 2001 to 2005. I then became the legal director of the ACLU of Texas between 2005 and 2012. I later was a clinical law professor at the University of Denver Sturm College of Law before joining SPLC in 2015. Throughout my career, I have litigated a number of cases in federal and state court. A copy of my resume detailing my educational background and work experience is attached as Exhibit A.

5. Daniel Werner, currently a Senior Supervising Attorney at SPLC, received his J.D. in 1996 from State University of New York at Buffalo School of Law. Before coming to SPLC, Mr. Werner worked as an attorney in a number of legal aid organizations representing farmworkers in federal court and co-founded the Workers' Rights Law Center of New York, serving as the legal director from 2003 to 2008. A copy of his resume is attached as Exhibit B.

6. Shalini Goel Agarwal, currently a Senior Supervising Attorney at SPLC, received her J.D. in 2006 from the University of California, Berkeley School of Law. She previously worked as a staff attorney at the ACLU of Florida from 2011 to 2016. A copy of her resume is attached as Exhibit C.

7. Eunice Cho, a Staff Attorney at SPLC from 2014 to 2017 and currently a Senior Staff Attorney at the ACLU National Prison Project, received her J.D. in 2009 from Stanford Law School. After law school, Ms. Cho was a federal law clerk and Skadden fellow at the National Employment Law Project before coming to SPLC. A copy of her resume is attached as Exhibit D.

8. Natalie A. Lyons, a Staff Attorney at SPLC from 2014 to 2019 and currently a Senior Attorney at Housing and Economic Rights Advocates, received her J.D. in 2013 from Golden Gate University School of Law. After law school, Ms. Lyons worked as a staff attorney at Equal Rights Advocates from 2014 to 2019. A copy of her resume is attached as Exhibit E.

9. Laura Rivera, currently the Director of the Southeast Immigrant Freedom Initiative at SPLC, received her J.D. in 2014 from Emory School of Law. After law school, Ms. Rivera worked as a staff attorney at Georgia Legal Services Program, Farmworker Rights Division from 2014 to 2016 before coming to SPLC. A copy of her resume is attached as Exhibit F.

10. Maia Fleischman, currently a law fellow at SPLC, received her J.D. in 2018 from University of Miami School of Law. A copy of her resume is attached as Exhibit G.

11. Veronica Salama, currently a law fellow at SPLC, received her J.D. in 2019 from New York University School of Law. A copy of her resume is attached as Exhibit H.

12. The qualifications of our co-counsel at Alston & Bird, LLP are contained in the separate declaration of Matthew Howell.

### Nature and Extent of Work Performed

13. This litigation is the outgrowth of Defendants' failure to produce records or substantively respond to SPLC's January 7, 2016, FOIA request for records relating to "Operation Border Resolve," immigration raids in Georgia, North Carolina, and Texas that occurred a few days before. SPLC made the FOIA request after fielding complaints from individuals affected by the raids. After this Court's orders, Defendants produced 75,147 pages of documents, all of which SPLC had sought in its initial FOIA request.

14. I have direct knowledge of the pre-litigation efforts to obtain the records because I either performed the work myself or supervised former SPLC staff attorney Eunice Cho in performing these tasks.

15. Once the matter moved to litigation, I supervised former SPLC staff attorneys Eunice Cho and Natalie Lyons in conducting legal research, drafting, editing, and related tasks associated with the pleadings and motions in this case, in coordination with our co-counsel Alston & Bird LLP.

16. After Defendants began producing records in response to the Court's initial order, and after the grant of partial summary judgment to SPLC because of Defendants' inadequate production, SPLC and Alston & Bird staff reviewed the documents produced by Defendants to ensure that they included all documents sought in the initial request. The SPLC staff who conducted this review include Ms. Cho and Ms. Lyons; in addition to current SPLC attorneys Daniel Werner, Laura Rivera, and Shalini Goel Agarwal; law fellows Maia Fleischman, and Veronica Salama; and paralegals and administrative assistants Carmen Martinez, Marlon Torres, Suzanne Del Rosario, and Bethell Forbes.

17. In addition, after Defendants did not substantively respond to Plaintiff's proposal to resolve fees and costs in the case, SPLC attorney Shalini Goel Agarwal worked under my supervision on helping to prepare Plaintiff's motion for fees and costs and supporting materials.

Plaintiff's Fee Calculation

18. The attorneys' fees sought here have been calculated by: (1) totaling the number of hours SPLC staff spend working on this case; (2) exercising billing

judgment to reduce the number of recorded hours; (3) further reducing these hours by 5% to provide additional assurance about the reasonableness of the time expended; and then (4) multiplying that number of hours by a reasonable hourly rate to derive the lodestar fee amounts.  Each of these steps is explained in more detail below.

Recorded Hours

19.    The records of time spent by Plaintiff working on this case are reflected in Plaintiff's fees and costs spreadsheet, Exhibit I to this declaration, at pages 3-45.  These records indicate the date on which the work was performed, a description of the work, and the number of hours consumed by the work.  These records are accurate and were maintained contemporaneously with the events they records or calculated from contemporaneous records.

20.    The number of hours for which Plaintiff now seeks reimbursement has been minimized or reduced in three ways:

    a. First, Plaintiff does not seek to recover for the research or analysis it performed before it commenced this litigation.  This pre-litigation work significantly reduced the research and analysis required to litigate this matter.

      b. Second, Plaintiff does not seek to recover fees for work performed by individuals who recorded less than ten hours total on the case or by non-lawyer support staff.

      c. Third, Plaintiff streamlined and removed entries across multiple timekeepers that reflected a similar scope of work.

In total, I estimate that these efforts reduced over 290 hours of time, or $70,000 in fees at Plaintiff's requested rates, in the course of this litigation. These excluded time entries are itemized at pages 33-45 of Exhibit I.

    21.    In a further exercise of billing judgment, Plaintiff has reduced its overall request for reimbursement of attorneys' fees by 5%, eliminating an additional $16,000 in fees from its request. Plaintiff submits this reduction to ensure that its request for fees is reasonable.

    22.    In light of these reductions and minimization measures, Plaintiff seeks reimbursement of $309,095.80 for 900.5 hours it spent litigating this case. The time entries for these hours are itemized at pages 3-32 of Exhibit I.

## Hourly Rates

    23.    The appropriate market for determining rates in this case is Atlanta. Since SPLC does not charge fees to clients for the work of its attorneys, I looked to applicable rates in Atlanta for lawyers with comparable levels of experience.

24. Those rates are set forth in the declaration of Brian Spears. Mr. Spears is a civil rights lawyer in Atlanta who has litigated FOIA lawsuits and is familiar with the Atlanta legal market. According to Mr. Spears, the Atlanta market rate for attorneys litigating cases of similar nature and complexity as the instant case is as follows: $250/hour for new attorneys, $450/hour for attorneys with several years of experience in federal litigation; and $650+/hour for attorneys with 20+ years of experience.

25. I have also reviewed the "Going Rate Survey" published in the *Fulton County Daily Report*. The last year of information collected was 2014. According to this survey, litigation attorneys with comparable experience charged rates in the following ranges in 2014:

| Years of Experience | Rate 2014 |
|---|---|
| 21-30 | $335-$425 |
| 14-20 | $165-$575 |
| 11-13 | $250-$655 |
| 8-10 | $230-$580 |
| 6-7 | $200-$415 |
| 4-5 | $175-$440 |
| 2-3 | $200-$225 |
| Less than 2 | $250 |

A copy of the "Going Rate Survey" from 2014 is attached as Exhibit J to this declaration.

26. I have also attached a copy of the Department of Justice's "*Laffey Matrix*" as Exhibit K to this declaration. The second column of the table below

8

lists the rates suggested by the *Laffey* Matrix for 2017-2018, the midpoint of this case. The third column of the table below lists these same rates with a cost-of-living reduction for the Atlanta market compared to the Washington, D.C. market. According to the Locality Pay Area Definitions published by the Office of Personnel Management, the Washington, D.C. area had a locality pay rate of 27.1% and the Atlanta area had a locality pay rate of 20.7% in 2017. These locality pay rates are attached as Exhibit L to this declaration. Subtracting one from the other leads to a 6.4% reduction from the Washington, D.C. rates. The third column reflects this cost-of-living adjustment to the 2017-2018 rates from the *Laffey* Matrix.

| Years of Experience | Rate 2017-18 | Rate 2017-18 Reduced 6.4% |
|---|---|---|
| 21-30 | $563 | $526.97 |
| 16-20 | $536 | $501.70 |
| 11-15 | $483 | $452.09 |
| 8-10 | $410 | $383.76 |
| 6-7 | $352 | $329.47 |
| 4-5 | $346 | $323.86 |
| 2-3 | $334 | $312.62 |
| Less than 2 | $302 | $282.67 |

27.   Plaintiff seeks reimbursement for its attorneys' time as follows:

| Attorney Name | Organization | Title (Graduation Year) | Years | Requested Rate |
|---|---|---|---|---|
| Daniel Werner | SPLC | Senior Supervising Attorney (1996) | 23.5 | $525 |
| Lisa Graybill | SPLC | Deputy Legal Director (1999) | 20.5 | $525 |
| Shalini Goel Agarwal | SPLC | Senior Supervising Attorney (2006) | 13.5 | $400 |
| Eunice Cho | SPLC | Staff Attorney (2009) | 10.5 | $400 |
| Natalie Lyons | SPLC | Staff Attorney (2013) | 6.5 | $300 |

| Maia Fleischman | SPLC | Law Fellow (2018) | 1.5 | $250 |
| Veronica Salama | SPLC | Law Fellow (2019) | .5 | $250 |

28. Based on the Declaration of Mr. Spears and accounting for an increase in rates since the 2014 rates cited in the *Fulton County Daily Report*'s "Going Rate Survey," these rates are consistent with the range typical for the Atlanta market. Further, these rates are in the range of those suggested by the Department of Justice in the *Laffey* Matrix, factoring in a cost-of-living adjustment for the Atlanta market. Accordingly, I believe the requested rates to be reasonable rates for the work of Plaintiff's counsel.

## Final Fee Calculation

29. I then multiplied the number of recorded hours by the relevant hourly rates to calculate the lodestar fee. Based on this calculation, Plaintiff seeks a total award of attorneys' fees in the amount of $309,095.80.

30. Based on my experience, my intimate knowledge of the case and the work it involved, the benefit to the public resulting from the ruling achieved, and the other relevant factors discussed in the accompanying brief, I believe this represents a reasonable fee.

## Expenses Incurred

31. In the course of litigating the case, Plaintiff incurred limited out-of-pocket costs for which it now seeks reimbursement. Specifically, Plaintiff incurred

costs for the filing fee, necessary legal research, copying costs, conference calling services, and document production costs. In total, these amount to $2,354. An itemization of these costs is at pages 46-47 of Exhibit I.

32. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 15th day of January, 2020.

_____
Lisa S. Graybill (*pro hac vice*)
Texas Bar No. 24054454
SOUTHERN POVERTY LAW CENTER
201 St. Charles Ave., Ste. 2000
New Orleans, LA  70170
Phone: (504) 486-8982
Email: lisa.graybill@splcenter.org
*Attorney for Plaintiff*