IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Southern Poverty Law Center, Inc. ]<br>]<br>Plaintiff, ]<br>]<br>vs. ]<br>]<br>United States Department of ]<br>Homeland Security; and United ]<br>States Immigration and Customs ]<br>Enforcement, ]<br>]<br>_____ ] | CIVIL ACTION<br>FILE NO. 1:16-CV-02871-CAP |

## **DECLARATION OF G. BRIAN SPEARS**

I, G. Brian Spears, hereby make the statements set out below under penalty of perjury:

1. My name is George Brian Spears. I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. I submit this affidavit to the Court for the purpose of providing evidence upon the issues presented to the Court by Plaintiff Southern Poverty Law Center's Motion for Attorney's Fees.

3. To arrive at the opinions expressed in this affidavit, I have reviewed the following described materials:

   a) COMPLAINT, filed by Southern Poverty Law Center, Inc.

   b) Answer by Defendants

   c) Amended Complaint

   d) Answer to Amended Complaint

   e) Motion for Summary Judgment by United States Department of Homeland Security

   f) Response in Opposition to Motion for Summary Judgment

   g) Response in Opposition – Plaintiff's Sur-Reply Memorandum

   h) Order Denying Defendants' Motion for Summary Judgment

   i) Motion for Summary Judgment by Southern Poverty Law Center

   j) Response in Opposition to Motion for Summary Judgment

   k) Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment

   l) Declaration of Matthew Howell in Support of Motion for Fees

   m) Declaration of Lisa Graybill in Support of Motion for Fees

   n) Plaintiff's Motion for Attorneys' Fees and Brief in Support and Plaintiff's Supplemental Brief in Support of Motion for Fees.

4. I am a member of the State Bar of The State of Georgia (admitted 1978); I am also a member of the State Bar of California (1975, inactive). I have been admitted to practice in the United States Supreme Court, Eleventh Circuit Court of Appeals and all the United States District Courts of the State of Georgia. I have been admitted *pro hac vice* before the United States District Court of the Eastern District of Tennessee, the District Court for the Middle District of Alabama, the District Court for the Northern District of Alabama, the District Court for the Southern District of Florida, and the District Court for the State of South Carolina, among others.

5. I am a graduate of the University of Michigan (B.A., Ed, 1971) and the Golden Gate University School of Law (L.L.B., 1975).

6. I have been practicing law since 1975 and have practiced continuously in the State of Georgia since 1978.

7. I am in private practice in Atlanta, Georgia. I am a sole practitioner.

8. I specialize in civil rights cases in general, and "police practices" cases in particular. At present, approximately 80% of my practice hours are

devoted to litigation involving claims arising from circumstances of arrest and detention.

9. Over the past forty years I have been involved in scores of lawsuits before the United States District Court in and for the Northern District of Georgia and before other courts – many involving police practices, including those alleging excessive force, wrongful arrest, sexual assault, denial of medical care, malicious prosecution, and failure to protect. I have also been involved in Freedom of Information Act litigation and have relied upon that federal legislation to secure documentation pertaining to prisoners in federal custody, including the Department of Homeland Security.

10. I have briefed and /or argued the appeals of many such cases, including the following: Freeman v. Barnes, 282 Ga. App. 895 (2006); Wilson v. Attaway, 757 F.2d 1227 (11th Cir. 1985); Glass v. Gates, 291 Ga. 350 (2012); Rivera v. Washington, 298 Ga. 770, 784 S.E.2d 775 (2016); Hoyt v. Cooks, 672 F.3d 972 (11th Cir.2012); Fennell v. Gilstrap, 559 F.3d 1212 (11th Cir.2009); Campbell v. Lynch, 264 Fed. Appx. 836 (11th Cir. 2008); Ramos-Barrientos v. Bland, 661 F.3d 587 (11th Cir. 2011); Hispanic Interest Coal. v. Governor of Ala., 691 F.3d 1236 (11th Cir. 2012); Powell v. Barrett, 541 F.3d 1298 (11th

4

      Cir. 2008); Collins v. Duncan, 20 F.3d 1175 (11th Cir. 1994); Ga. Latino All. for Human Rights v. Governor of Ga., 691 F.3d 1250 (11th Cir. 2012);  Mitchell v. Stewart, 608 F. App'x 730 (11th Cir. 2015); and Croland v. City of Atlanta, 782 F. App'x 753 (11th Cir. 2019).

11.   I am personally familiar with the billing practices of Georgia attorneys who handle civil rights cases in the Atlanta area. The hourly rates charged by and awarded to these attorneys [in fee petition proceedings] differ depending on the number of years they have been in practice, the reputation they have achieved in the legal community, and the skills they possess as efficient, effective and persuasive advocates before the courts. The rates charged by and awarded to Atlanta attorneys for cases of a similar nature and complexity as that presented in this litigation range from $250.00 for new attorneys to $450.00 per hour for an attorney with several years of experience in federal litigation. Attorneys with greater experience, such as those with twenty or more years of practice charge or are awarded hourly rates of $650 and above. In my opinion, the hourly rate compensation sought by Plaintiff's counsel is both reasonable and well within the range for hourly rates of attorneys of like and similar experience.

12. My review of the case materials leads me to conclude that this was a challenging and difficult case for the Plaintiff.  The issues presented by this case arise in a specialized area of the law requiring legal precision and a high degree of attention to detail and, in my opinion, such precision and attention to detail is reflected in the work product of the attorneys representing Plaintiff.

13. I have reviewed the summary of time expended by Plaintiff's counsel. In my opinion, the prosecution of the Plaintiffs' claims was handled in a remarkably efficient and cost-effective manner.

14. In my civil rights practice, I routinely exercise billing judgment in determining what to (and what not to) charge clients. This means I do not bill clients for tasks that I believe are excessive or redundant or did not reasonably contribute to achieving the objective I sought on behalf of a client through the litigation. I have reviewed the reductions described in Ms. Graybill's Declaration.

15. I believe these reductions reflect a good faith exercise of counsel's billing judgment, and even went beyond – in terms of the reductions made to compensable time – what most attorneys would have done in normal billing practice.

So stated under penalty of perjury on this 14th day of January, 2020.

**G. Brian Spears**
Georgia Bar No. 670112
G. BRIAN SPEARS, P.C.
1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Phone: (404) 872-7086
Email: Bspears@mindspring.com